United States District Court
Middle District of Florida
Jacksonville Division

**DAVID WALKER,**

    *Plaintiff,*

v.                                                                          **NO. 3:20-cv-1170-J-20PDB**

**ANN COFFIN,**

    *Defendant.*

---

## Report and Recommendation

David Walker, without a lawyer, brings this action under 42 U.S.C. § 1983 against Ann Coffin, the Director of the Florida Department of Revenue Child Support Enforcement Program. Doc. 1. He moves to proceed in forma pauperis. Doc. 2. I recommend dismissing the action without prejudice and denying the motion as moot.

Pointing to state child-support proceedings that occurred from 1992 to 1998, Mr. Walker seeks dismissal of a child-support order, return of child support he paid, and damages for money garnished from his paychecks, for work lost because of incarceration, and for past, present, and future pain and suffering. Doc. 1 at 4–5. Under "Statement of Claim," he writes:

> 1. Federal manual of Child Support states that Paternity is prerequisite to as Child Support order without paternity there is no order. 2. Manual also states that i must be given notice orally or through the use of video or audio equipment and in writing of the legal consewquences that arise. 3. The U.S. Constitution states that its unconstitutional to imprison a man because of a debt. Miss coffin violate my rights but not adhereing Do provisions pertaining to fraternity the paternity established is prerequisite to having I support order, Paternity was never established. Will not award due process by 14th Amendment rights also was violated, Also was in prison over a debt under 42 U.S.C. subsection 666(a)(5)(C)(1)

>  which is not inacted in to law. All this took place between the years 1992 1998 Originating from Tallahassee FL.

Doc. 1 at 4 (typographical errors in original).

Mr. Walker has twice sued here before based on similar allegations. In the first action, he sued Director Coffin and Ajit Lalchandani—the Manager of Orange County, Florida—in their individual and official capacities. The Court dismissed that action without prejudice based on the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. *See Walker v. Coffin*, 3:18-cv-770-J-32MCR. In the second action, he sued Director Coffin and Jerry Demings—the Mayor of Orange County—in their official capacities. The Court dismissed that action without prejudice based on *Rooker-Feldman*, and regarding Director Coffin, also based on Eleventh Amendment immunity. *See Walker v. Coffin*, 3:20-cv-826-J-32PDB. In both actions, the Court ruled amendment would be futile.

This latest action fares no better. Even construing Mr. Walker's complaint liberally to account for his pro se status, dismissal is warranted.

A federal court must inquire into subject matter jurisdiction whenever it may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

Although Mr. Walker states he is suing "Ann Coffin (individual)," Doc. 1 at 2, his allegations make clear he is trying to appeal a child-support order entered by the state court. The *Rooker-Feldman* doctrine prohibits a federal district court from exercising appellate jurisdiction over a state judgment. *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

2

and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In *Brown v. Coffin*, the Eleventh Circuit affirmed dismissal of a similar action against Director Coffin in her official and individual capacities based on the *Rooker-Feldman* doctrine. 766 F. App'x 929, 932 (11th Cir. 2019) (per curiam). There, the plaintiff contended Director Coffin had violated his constitutional rights by obtaining orders to garnish his tax return and suspend his driver's license, and he asked the district court to stop child support enforcement until the court could "constitutionally solve" the matter. *Id.* at 931–32. The Eleventh Circuit held the district court had no jurisdiction because the harm the plaintiff sought to remedy was the state court's judgment and his success would nullify the judgment. *Id.*

Under the same rationale, this Court is without jurisdiction over Mr. Walker's latest action. His allegations make clear he wants this Court to review and reject a child-support order entered in state proceedings that took place from 1992 to 1998 and award him damages based on enforcement of that order. Doc. 1.

To the extent Mr. Walker is attempting to sue Director Coffin in her individual capacity for her own actions, dismissal still is warranted.

Under 28 U.S.C. § 1915(e)(2)(B), a court "shall" dismiss an action by a plaintiff proceeding IFP if at any time the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"Supervisory officials cannot be held liable under § 1983 for unconstitutional acts by their subordinates based on respondeat-superior or vicarious-liability principles." *Piazza v. Jefferson Cty.*, 923 F.3d 947, 957 (11th Cir. 2019). "Supervisors can be held personally liable when either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the

actions of the supervisor and the alleged constitutional violation." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009).

Mr. Walker's allegations—that Director Coffin enforced a child-support order—do not make plausible that she personally participated in a constitutional violation or there is a causal connection between her actions and any alleged constitutional violation.

There are additional reasons dismissal is warranted or likely warranted, but in the interest of judicial economy, those reasons need not be addressed. They include *Younger* abstention;[1] a statute-of-limitations bar for any claim that accrued four years before Mr. Walker filed the complaint;[2] and, to the extent Mr. Walker is trying to sue Director Coffin in her official capacity, other bars to relief.[3]

---

[1] A federal court will abstain from an action involving a strictly civil proceeding that implicates a state court's important interest in administering certain aspects of the state judicial system if there is an adequate opportunity in the state proceeding to raise a constitutional challenge. *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1250–51 (11th Cir. 2009). Although the doctrine is narrow and extraordinary, the doctrine may apply to an ongoing state proceeding involving child support. *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013).

[2] Florida's four-year statute of limitations applies to a § 1983 claim. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam).

[3] An "official capacity" suit generally is another way of pleading an action against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Here, any claim against Director Coffin in her official capacity is a claim against the Florida Department of Revenue. Eleventh Circuit "case law is clear that as a state agency, the [Florida Department of Revenue] is immune from suit under the Eleventh Amendment." *Brown v. Fla. Dep't of Rev. Off. of Child Supp. Enf't*, 697 F. App'x 692, 693 (11th Cir. 2017); *but see Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005) (explaining that under the *Ex Parte Young* doctrine, a suit for prospective relief to enjoin a state official from enforcing an unconstitutional act is not a suit against the state and thus is not barred by the Eleventh Amendment). Moreover, "neither the State of Florida nor its agencies are 'persons' within the meaning of § 1983." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1278 (11th Cir. 2018).

A district court's discretion to dismiss a complaint without leave to amend is "severely restricted" by Federal Rule of Civil Procedure 15(a), which directs that leave to amend shall be freely given when justice so requires. *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). But the court need not grant leave to amend if amendment would be futile. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).

As this Court ruled in Mr. Walker's two previous actions, leave to amend is unwarranted because amendment would be futile. Mr. Walker's action fails based on the threshold issue of subject-matter jurisdiction under *Rooker-Feldman* and for other reasons. He has been unable to plead a plausible claim over which this Court would have jurisdiction despite having now tried three times.

I **recommend**:

(1)   **dismissing** Mr. Walker's action without prejudice and

(2)   **denying** his motion to proceed in forma pauperis, Doc. 2, as moot.[4]

**Entered** in Jacksonville, Florida, on December 29, 2020.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   David Walker
     6915 Hafford Lane
     Jacksonville, Florida 32244

---

[4] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.